UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD ANTHONY REYNA DENSMORE (a/k/a "Rabid"),

Defendant.

No. 1:24-CR-7

Hon. HALA Y. JARBOU
Chief U.S. District Judge

# PLEA AGREEMENT

This constitutes the plea agreement between Richard Anthony Reyna Densmore and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. Defendant Agrees to Plead Guilty. Defendant agrees to plead guilty to Count 1 of the Indictment. Count 1 charges Defendant with sexual exploitation of a child in violation of Title 18, United States Code, Sections 2251(a) and 2.

2. Defendant Understands the Crime. In order for Defendant to be guilty of violating Title 18, United States Code, Sections 2251(a) and 2, the following must be true: (1) the crime of sexual exploitation of a child was committed; (2) Defendant helped to commit the crime or encouraged someone to commit the crime; and (3) Defendant intended to help commit or encourage the crime. The crime of sexual exploitation of a child, in violation of Title 18, United States Code, Section 2251(a), contains the following elements: (1) employing, using, persuading, enticing, or coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and (2) knowing or having reason to know that the

visual depiction was or would be transmitted using any means or facility of interstate commerce. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. Defendant Understands the Penalty. The statutory mandatory minimum and maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2251(a) and 2, is the following:

a. Imprisonment. A mandatory minimum of 15 years and a maximum of 30 years.

b. Supervised Release. A mandatory minimum of 5 years and up to life.

c. Mandatory Special Assessment. $100.00.

d. Additional Mandatory Special Assessment. $5,000.00.

e. Additional Discretionary Special Assessment. $50,000.00.

4. Assessments and Restitution.

a. Assessment. Defendant agrees to pay the mandatory $100.00 special assessment on the day of sentencing.

b. Restitution. Defendant understands that the Court will order restitution as authorized by law for the count of conviction. Pursuant to 18 U.S.C. § 3663(a)(3), Defendant agrees that the restitution order is not restricted to the victim or conduct alleged in the count to which Defendant is pleading guilty and includes all losses and victims of dismissed counts, victims of other uncharged relevant conduct, and victims of his sexual exploitation offenses uncovered during the investigation into

the count of conviction. Defendant agrees that the Court shall use 18 U.S.C. § 2259 when calculating restitution for victims of dismissed counts or uncharged conduct. The amount of restitution is currently unknown and will be determined by the Court at sentencing.

5. Supervised Release Defined. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

6. Asset Forfeiture and Financial Accountability. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 2253, which includes, among other things, all visual depictions of child pornography as defined under this section and chapter, any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses, and any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property.

Specifically, Defendant agrees to forfeit to the United States a Motorola Moto G Pure phone with Android identification number b0bb3ed3ad87fc87 (the "Motorola Phone") and an iPhone 6 with International Mobile Equipment Identity Number

359280062701847 (the "iPhone"), which constitute matters containing visual depictions described in 18 U.S.C. §§ 2251, 2252A that were produced, transported, mailed, shipped, and received in violation of Title 18, United States Code, Chapter 110, and any real or personal property used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property as charged in Count 1 of the Indictment. Defendant admits that the Motorola Phone and iPhone are subject to forfeiture pursuant to Title 18, United States Code, Section 2253. Defendant consents to the entry of a preliminary order of forfeiture concerning the Motorola Phone and iPhone at or before the time of sentencing.

7. Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

> On September 29, 2022, Defendant, under the username "Rabid#7997" on the internet messaging platform Discord, sent a message to Jane Doe, an actual person known to the U.S. Attorney's Office and Defendant. The government asserts that prior to September 29, 2022, Jane Doe informed Defendant that she was under the age of 18. In the September 29, 2022 message, Defendant asked Jane Doe to send him an image of her breasts with his username, "Rabid," written on them. Defendant also sent Jane Doe "Nitro," a form of Discord currency, in an effort to persuade her to send the requested image.
>
> On September 30, 2022, after Jane Doe expressed reservations about sending the requested image to Defendant, Defendant sent a Discord message to another user, Person A, who had an online relationship with Jane Doe. Person A is known, by his Discord username, to the U.S. Attorney's Office and Defendant. Defendant asked Person A to "[t]ell [Jane Doe] to give me a full body nude with rabid written on her [breasts]." Defendant sent Person A Nitro currency to persuade him to have Jane Doe send the requested image. At the time that Defendant sent these messages and viewed the video described below, he was in Manistee County in the Western District of Michigan.

Person A induced and persuaded Jane Doe to send Defendant and Person A a sexually explicit video of herself over the internet, a means and facility of interstate commerce, including through promises to send Nitro to Jane Doe. Following Defendant's requests on September 29 and 30, 2022, Jane Doe sent Defendant a video over the internet, in which Jane Doe was nude with her vagina visible and "Rabid" written on her chest. Jane Doe was under the age of 18 when she sent the video to Defendant.

The government asserts that Defendant knew that Jane Doe was under the age of 18 when she sent him the video over the internet and knew that the video was child pornography. Defendant saved the video on his Motorola Phone, which was manufactured in China.

8. Dismissal of Other Counts. The U.S. Attorney's Office agrees to move to dismiss the remaining counts of the Indictment against Defendant at the time of sentencing. Defendant agrees, however, that in determining the sentence the Court may consider the dismissed counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range. By this agreement, Defendant does not concede that an increased sentence or an upward departure is, in fact, warranted.

9. Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the government will move the Court to grant an

additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10. Non-Prosecution Agreement. The U.S. Attorney's Office for the Western District of Michigan agrees, except for crimes of violence criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute Defendant for violations of 18 U.S.C. §§ 2251, 2422, and 2252A arising out of evidence that was discovered on Defendant's digital devices that were seized on February 2, 2023 and January 31, 2024. Defendant understands that the U.S. Attorney's Office is free to prosecute Defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees, however, that in determining the sentence the Court may consider this conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within the applicable guidelines range, and the propriety of any departure from the calculated guidelines range.

11. Prison Placement. The U.S. Attorney's Office will not object to a request by Defendant that the Court recommend that Defendant be confined at any particular institution. Both parties acknowledge that the Bureau of Prisons, in its sole discretion, decides prison placement and that, while the Bureau often gives deference to a Court's recommendation, the Bureau is not required to follow the Court's recommendation.

12. The Sentencing Guidelines. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court

must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum and minimum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

13. There Is No Agreement About The Final Sentencing Guidelines Range. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory minimum and maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments, and departures.

14. Waiver of Constitutional Rights. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial.

At any trial, whether by jury or by the Court, Defendant would have had the following rights:

a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

b. The right to be presumed innocent and to have the burden of proof placed on the government to prove Defendant guilty beyond a reasonable doubt.

c. The right to confront and cross-examine witnesses against Defendant.

d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15. FOIA Requests. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this

Case 1:24-cr-00007-HYJ ECF No. 57, PageID.286 Filed 07/14/24 Page 9 of 11

case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. The Court is not a Party to this Agreement. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea[s], and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory minimum and maximum.

17. This Agreement is Limited to the Parties. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

18. Consequences of Breach. If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and

void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

19. This is the Complete Agreement. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

20. Sex Offender Registration. Defendant acknowledges and agrees that Defendant must register as a sex offender in all applicable jurisdictions, including, but not limited to the jurisdictions where Defendant was convicted, resides, works, and attends school. Defendant understands that failure to register may subject him to prosecution.

MARK A. TOTTEN
United States Attorney

3/15/2024
Date

ADAM TOWNSHEND
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

3/12/2024
Date

RICHARD ANTHONY REYNA DENSMORE
Defendant

I am Richard Anthony Reyna Densmore's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3/12/2024
Date

JAMES FISHER
Attorney for Defendant

I have read this agreement, and carefully discussed every part of it with my attorney. I understand the terms of this agreement and agree to its terms. My attorney has advised me of my rights and possible defenses, the sentencing provisions, and the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. Finally, I am satisfied with the representation of my attorney in this matter.
July 14, 2024.

Richard Anthony Reyna Densmore
Defendant

I am Richard Densmore's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

July 14, 2024

Christopher M. Gibbons, attorney